Case 4:20-cv-02323   Document 6   Filed on 07/15/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR DAVID LOWE., § | | |
| TDCJ # 00669750, § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | CIVIL ACTION NO. 4:20-2323 | |
| § | | |
| BRITNEY S. HAMILTON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## ORDER OF DISMISSAL

Plaintiff Arthur David Lowe, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and seeks leave to proceed *in forma pauperis*. Lowe's complaint brings claims including lost property, retaliation, and improper housing classification. Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Lowe is incarcerated at the Stiles Unit in Beaumont. He sues 12 defendants who are TDCJ officials at the Stiles and Hughes Units. The Stiles Unit is in Jefferson County, which is located in the Eastern District of Texas, Beaumont Division. 28 U.S.C. § 124(c)(2). The Hughes Unit is in Coryell County, which is located in the Western District of Texas, Waco Division. 28 U.S.C. § 124(d)(2). Federal statute provides that a civil action may be brought in (1) "a judicial district in which any defendant resides," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district where the action may otherwise be brought

. . . , any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b).  When a case lays venue in the wrong district or division, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought."  28 U.S.C. § 1406(a).  A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

In this case, because neither the parties nor the alleged legal violations have the requisite connection to the Southern District of Texas, the complaint was not properly filed here.  *See* 28 U.S.C. § 1391(b); *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018).  The case therefore is subject to dismissal under 28 U.S.C. § 1406(a).  The Court determines that transfer of Lowe's complaint to another judicial district would not be in the interest of justice because he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed.  *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

The threat of imminent danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Lowe has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. The Fifth Circuit has noted his past strikes and has barred him from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See Lowe v. Davenport*, 442 F. App'x 955, 957 (5th Cir. 2011) (citing 28 U.S.C. § 1915(g)). Lowe's complaint in this case does not allege imminent physical danger. Rather, he brings numerous complaints against the law library supervisor at the Hughes Unit and other officials alleging theft of his property, interference with his mail and legal materials, retaliation, racial discrimination, and a housing classification that he says caused him to be housed with an HIV positive inmate. His pleadings indicate that he is receiving HIV prevention medications (Dkt. 1, at 8, 10) and that his housing assignment has recently changed (*see, e.g.*, Dkt. 1-3, at 24). His claims, to the extent they pertain to serious physical injury, allege past harms. They are insufficient to show imminent danger for purposes of § 1915(g). *See Brown*, 857 F.3d at 290; *Ciarpaglini*, 352 F.3d at 330.

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1915(g).

2. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this 15th day of July, 2020.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE